UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID WILLIAM PALMER, II,

     Plaintiff,

v.                             Case No. 3:18cv1387-MCR-CJK

WASHINGTON COUNTY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant's Motion to Dismiss (doc. 3) and Motion for Rule 11 Sanctions and Motion for *Chapman* Auto Dismiss/Auto Shred Order (doc. 4). Plaintiff responded in opposition to the motions (docs. 6, 9), defendant filed a reply (doc. 16), and plaintiff filed a surreply (doc. 19). Plaintiff also moved for sanctions (doc. 14), defendant responded in opposition (doc. 18), and plaintiff filed a reply (doc. 20). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends: (1) that this case be dismissed under the *Rooker-Feldman* doctrine for lack of jurisdiction; and (2) that both parties' motions for sanctions be denied.

## BACKGROUND

In 2010, plaintiff filed a complaint in state court seeking to eject defendant Washington County from the western half of a property known as Acy Road. (Doc. 1-1, p. 3-13). The complaint also included a count for littering. (Doc. 1-1, p. 3-13). Defendant filed an answer to the complaint but not a counterclaim. (Doc. 1-1, p. 20-22). After a hearing, the state court granted summary judgment in favor of defendant on the ejectment claim, finding Acy Road "has been deemed dedicated to the public pursuant to Florida Statute 95.361(2)[.]"[1] (Doc. 1-1, p. 24-25).

Plaintiff appealed, but the First District Court of Appeal ("First DCA") affirmed the judgment deeming defendant owner of Acy Road.[2] (Doc. 1-1, p. 30). Plaintiff then moved to vacate the judgment under Fla. R. Civ. P. 1.540. (Doc. 1-1, p. 31-52). In the motion, he argued: (1) defendant's failure to file a compulsory counterclaim deprived the court of subject-matter jurisdiction over defendant's claim to the property; (2) the judgment was void because it did not include a metes and bounds description of the property; and (3) defendant failed to join an indispensable party—the owners of the eastern half of Acy Road. (Doc. 1-1, p. 31-

---

[1] *See Mathers v. Wakulla Cty.*, 219 So. 3d 140, 145 (Fla. 1st DCA 2017) ("[O]wnership of the road automatically passes to the government entity at the moment it provides regular maintenance and repair for the prescribed period of time, regardless of any acceptance on the part of the government entity.").

[2] The First DCA dismissed plaintiff's initial attempt to appeal the summary judgment ruling because a final judgment had not been entered. (Doc. 1-1, p. 26).

52).  On November 7, 2017, Circuit Judge Register denied the motion, finding "that no basis in law or fact has been provided to justify granting the Motion to Vacate the Summary Judgment[.]"  (Doc. 1-1, p. 56).  The First DCA affirmed the denial of the Rule 1.540 motion, and denied plaintiff's request for a rehearing, rehearing *en banc*, and written opinion.  (Doc. 1-1, p. 57-66).

On June 3, 2018, plaintiff filed the present case in federal court.  (Doc. 1).  He contends the state court's failure to hold an evidentiary hearing on his Rule 1.540 motion violated his due process rights.  As relief, plaintiff "asks the court to vacate the summary judgment; the final judgment; the order denying the Plaintiff's motion to vacate the summary judgment; the two *per curiam* affirmed opinions; and to find the Defendant, by failing to file a compulsory counterclaim, waived any claim to Acy Road."  (Doc. 1, p. 8-9).  Plaintiff also asks that the court enter an order ejecting the defendant from the property and awarding plaintiff damages.  (Doc. 1, p. 9).

## DISCUSSION

### *Rooker-Feldman*

The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments."  *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted).  The doctrine derives from 28 U.S.C. § 1257, which "vests authority to review a state court's judgment solely in [the Supreme] Court."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 292 (2005).  It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.  The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'"  *Alvarez*, 679 F.3d at 1262-63 (*quoting Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

This case must be dismissed for lack of jurisdiction based on the *Rooker-Feldman* doctrine, under which plaintiff's allegations and prayer for relief clearly fall.  Plaintiff asks this court to review whether a state-court judge erred by failing to hold an evidentiary hearing on the Rule 1.540(b)(4) motion.[3]  (Doc. 6, p. 2). Moreover, plaintiff's complaint expressly asks the court to vacate judgments by the state trial and appellate courts.

Plaintiff attempts to evade *Rooker-Feldman* in multiple ways, all of which are unavailing.  First, plaintiff claims he did not have an opportunity to raise his due process claim in state court.  Plaintiff, however, could have: (1) argued, either within

---

[3] Plaintiff did not request an evidentiary hearing in his Rule 1.540 motion to vacate.  (Doc. 1-1, p. 31-52).

the Rule 1.540 motion or at the hearing on the Rule 1.540 motion, that due process entitled him to an evidentiary hearing; and (2) argued in his appeal that Judge Register's failure to hold an evidentiary hearing denied plaintiff due process. In fact, in his motion for rehearing to the First DCA, plaintiff did raise a due process argument. *See* (Doc. 1-1, p. 60-61) ("The Appellant contends, when the trial judge applied the wrong standard in denying the 1.540(b)(4) motion, and when the appellate court *per curiam* affirmed this decision, these facts constitute a denial of due process. . . . [D]enying the Plaintiff the right to a formal evidentiary hearing, with the right to prove the summary judgment was void for lack of subject matter jurisdiction, is not simply the denial of a procedural right, it is a forfeiture of the Appellant's property without due process of law."). Plaintiff, therefore, had every opportunity to litigate his purported federal claim in state court. *See Wood v. Orange Cty.*, 715 F.2d 1543, 1547 (11th Cir. 1983) (*Rooker-Feldman* applies "only where the plaintiff had a reasonable opportunity to raise his federal claim in state proceedings.").

Next, plaintiff suggests he is challenging a rule. *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ("[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action."). He says this federal court "has subject matter jurisdiction to construe the *Southern Bell* rule and to decide whether Judge Register's disregard of the rule

constitutes a denial of due process." (Doc. 6, p. 6); *see Southern Bell Tel. & Tel. Co. v. Welden*, 483 So. 2d 487 (Fla. 1st DCA 1986) (holding that "[i]n circumstances such as this where the moving party's allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required").

Plaintiff, however, is not challenging the validity of the "*Southern Bell* rule." Instead, he is contesting Judge Register's finding that plaintiff did not raise a colorable entitlement to relief and no evidentiary hearing was necessary on the Rule 1.540 motion. A challenge to a state judge's application of a rule—such as the one raised by plaintiff—is foreclosed by the *Rooker-Feldman* doctrine. *Cf. Helton v. Ramsay*, 566 F. App'x 876, 877-78 (11th Cir. 2014) (holding due process claim based on allegations "Florida officials erred in denying DNA testing under the standard set forth in Florida Rule of Criminal Procedure 3.853" was barred by *Rooker-Feldman* because, "[b]y framing his claim as an as-applied challenge to the application of the state's post-conviction DNA testing procedure to the facts of his case, he invited federal court review and reversal of a state court decision"); *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (noting in *Feldman*, "[t]he Supreme Court drew a distinction between general challenges to the constitutionality of state bar rules and challenges to state court decisions in particular cases that raise

federal constitutional questions, finding that a federal district court has jurisdiction to consider the former but not the latter").

Curiously, plaintiff claims he is not a state-court loser. (Doc. 6, p. 7). The state court, however, entered final judgment in favor of defendant and denied plaintiff's Rule 1.540 motion. Any reasonable evaluation of the state-court proceedings leads to the conclusion plaintiff is a two time "state-court loser."

Plaintiff also suggests "[t]his case does not represent a 'prohibited appellate review' . . . because . . . Judge Register declined to rule on the merits of the case: whether the summary judgment and final judgment were void, for lack of subject matter jurisdiction." (Doc. 6, p. 7). Contrary to plaintiff's suggestion, the order denying the Rule 1.540 motion reached the merits of the motion and indicated the judge found no basis for vacating the previously-entered judgment. Accordingly, the judge determined plaintiff's jurisdictional challenge lacked merit. Because plaintiff's due process claim would succeed only to extent the state court wrongly decided the issues, the claim should be dismissed for lack of jurisdiction. *See Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) ("A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'") (*quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)).

Sanctions

"A district court may impose sanctions pursuant to its inherent authority, 28 U.S.C. § 1927, and under Federal Rule of Civil Procedure 11 if the plaintiff acted in bad faith by pursuing a claim that was plainly barred by existing precedent and there was no reasonable chance of success in changing the law." *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1340 (11th Cir. 2018). "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Defendant requests that the court award it attorney's fees for defending this action pursuant to Fed. R. Civ. P. 11 and enter an "auto dismiss/auto shred *Chapman* order."[4]  (Doc. 4).  Defendant asserts it: (1) warned plaintiff after he moved for the rehearing in the First DCA that continued pursuit of his claim would result in defendant seeking sanctions; and (2) gave plaintiff an opportunity to withdraw his federal complaint.  Defendant argues plaintiff's repeated attempts to overturn the state-court judgment recognizing defendant as owner of Acy Road are baseless, and

---

[4] *See Chapman v. Exec. Comm. of U.S. Dist. Court for N. Dist. of Ill.*, 324 F. App'x 500 (7th Cir. 2009).

plaintiff's status as a retired attorney provides him with "the training to know of the frivolity of his actions."

In response, plaintiff again describes what he sees as the deficiencies in the state-court proceedings and asserts the *Rooker-Feldman* doctrine is not applicable to his claim. He also says the motion for sanctions should be denied because defendant submitted the motion within 21 days of serving it on plaintiff. *See* Fed. R. Civ. P. 11(c)(2) (A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]"). Defendant argues plaintiff waived the 21-day waiting period because plaintiff reviewed the proposed motion to dismiss and motion for sanctions and directed defendant via email to "[p]lease file your motions." (Doc. 18, p. 5). Plaintiff, however, asserts he did not waive the waiting period, and claims defendant should have sought an express waiver if it intended to move for sanctions before expiration of the 21-day period. (Doc. 20).

But for defendant's failure to satisfy the 21-day waiting period, sanctions against plaintiff would be appropriate. This case represents unmistakable abuse of the judicial process. Plaintiff, a retired attorney, litigated his claims in state court for 8 years and lost at both the trial and appellate levels, including a post-judgment motion. Now, he turns to federal court and raises the same arguments disguised as

a due process claim. Plaintiff's filings make it clear this case is yet another attempt to challenge the determination that Acy Road has been dedicated to public use. His due process claim: (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Furthermore, plaintiff has caused expenditure of the limited public resources of the County to defend against plaintiff's final futile attempt to challenge the public dedication of Acy Road. Nevertheless, because defendant did not wait the 21 days required by Rule 11, and the email between plaintiff and defense counsel does not express a clear intent to waive the waiting period, sanctions are not appropriate. *See Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009) ("Because of the penal nature of the Rule, the procedural requirements of Rule 11 are strictly construed.").

Plaintiff's motion for sanctions asks that sanctions be imposed against defendant for filing "a frivolous motion to dismiss and a frivolous motion for sanctions." (Doc. 14). Defendant's motion to dismiss, however, is not frivolous, for the reasons described in this Report and Recommendation. Likewise, though defendant's own motion for sanctions should not be granted, the undersigned finds no cause to enter a sanction for filing it, given the County's colorable argument that the waiting period was waived.

Accordingly, it is respectfully RECOMMENDED:

1.    That defendant's Motion to Dismiss (doc. 3) be GRANTED to the extent that plaintiff's complaint be DISMISSED for lack of subject-matter jurisdiction.

2.    That defendant's Motion for Rule 11 Sanctions and Motion for *Chapman* Auto Dismiss/Auto Shred Order (doc. 4) be DENIED.

3.    That plaintiff's Motion Requesting Sanctions under Rule 11 (doc. 14) be DENIED.

4.    That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of September, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.